H. F. KEELER *v.* UNITED STATES (No. 4913)[1]

---

United States Court of Customs and Patent Appeals, January 22, 1958

*Lawrence & Tuttle* (*Frank L. Lawrence* of counsel) for appellant.

*George Cochran Doub*, Assistant Attorney General and *Richard E. FitzGibbon*, Chief, Customs Section for the United States.

[Oral argument December 3, 1957, by Mr. FitzGibbon; submitted on brief by appellant]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, one judge dissenting, C. D. 1842, overruling the importer's protest and sustaining the action of the collector in assessing duty at 15 per centum ad valorem, under paragraph 370 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802, on an American-made airplane which had been repaired or altered in Canada. It is claimed by the importer, appellant here, that duty should have been levied only on the cost of repairs or alterations, pursuant to the provisions of paragraph 1615 (g) of the Tariff Act as amended by the Customs Administrative Act of 1938.

The pertinent portions of paragraph 1615, as amended, read:

\*  \*  \*  \*  \*  \*  \*

(g) Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph.

(h) The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

The pertinent portions of the applicable Customs Regulations are as follows:

10.8   Articles Exported for Repairs or Alterations.

\*  \*  \*  \*  \*  \*  \*

(b) Prior to the exportation of articles to be subject to duty on the value of repairs or alterations made abroad, as provided for in paragraph 1615 (g), an affidavit and application in duplicate on customs Form 4455 shall be filed with the collector of customs a sufficient length of time before the departure of the exporting conveyance to permit the examination of the articles.

(c) The owner or exporter shall be notified on customs Form 4455 to deliver the articles to the place designated by the collector for examination. \* \* \* Photographs or other means of identification shall be furnished appraising officers when repaired.

(d) Upon the receipt of the reports of the appraiser and inspector showing the examination of the articles and their lading on the exporting conveyance, the collector shall deliver to the exporter the duplicate copy of customs Form 4455.

\*    \*    \*    \*    \*    \*    \*

(f) If at the time of return the value of the articles in their repaired or altered condition exceeds $100, there shall be filed in connection with the entry an invoice showing separately the value of the articles in their repaired or altered condition and the cost or value of the repairs or alterations. This invoice, whether or not required to be certified by an American consul, shall have attached a declaration of the person in the foreign country who made the repairs or alterations, which declaration shall be certified in the same manner as a consular invoice. \* \* \*

(g) There shall also be filed in connection with the entry the certificate of registration, customs Form 4455, and a declaration made by the consignee, owner, or an agent having knowledge of the facts that the articles entered are the identical articles covered by the certificate of registration and that the cost or value of the repairs or alterations is correctly stated in the entry. In cases where an article exported and repaired or altered abroad is imported by a person who is not a regular importer and the exportation was not made in accordance with this section, the collector, if satisfied as to the bona fides of the transaction and that the exporter was ignorant of the regulation requirements, may waive the production of the certificate of registration, Customs Form 4455, and compliance with so much of these regulations as relates to the exportation under such certificates.

\*    \*    \*    \*    \*    \*    \*

10.42   Automobiles and Other Vehicles, Boats, Teams, and Saddle Horses Taken Abroad.—(a) Automobiles, aircraft, and other vehicles, boats, teams, and saddle horses of domestic origin, or of foreign origin if duty-paid, together with their accessories, taken abroad by the owner or his agent for noncommercial use and returned for the account of such owner shall be admitted without the payment of duty, except as provided for in paragraph (b), and without the requirement of a certified invoice, upon being satisfactorily identified.

(b) Repairs made abroad to such articles if incidental to use abroad are not subject to duty, but repairs not incidental to use abroad and alterations and additions made abroad shall be assessed with duty upon their value at the rate at which the article itself would be dutiable if imported. Accessories acquired abroad are dutiable as if separately imported. Certified invoices shall not be required for such repairs, alterations, and additions made abroad, or for such accessories acquired abroad.

(c) Upon the request of the owner or his agent, the collector of customs shall cause any such article to be examined before it is taken abroad and issue a certificate of registration therefor on customs Form 4455. On the return of the article, such certificate may be accepted as satisfactory identification for the purpose of admitting the article free of duty without the requirement of a certified invoice, whether the article is covered by a baggage declaration or by a regular entry, provided the article agrees with the description contained in the certificate. The state registration card for an automobile, the certificate of registration issued by the Department of Commerce for an aircraft, or the yacht license or motorboat identification certificate for a pleasure boat may be accepted under the same conditions as, and in lieu of, customs Form 4455 and be given the same force and effect.

(d) Regular entry or entry on a baggage declaration shall be required if the owner or his agent is unable to produce a proper registration card or certificate covering the

article, or if duty is to be collected, or if a claim for free entry under the $200 or $300 returning resident's exemption with respect to the articles is to be made. * * *

\*     \*     \*     \*     \*     \*     \*

The essential facts of this appeal are stated in the decision of the Customs Court as follows:

The airplane involved herein is a Grumman Goose Aircraft manufactured at Bethpage, Long Island, N. Y. In the latter part of 1952, it was flown to Vancouver International Airport, Canada, for the purpose of having it repaired. It remained there until March 23, 1953, during which time repairs were made at a cost of $4,590.53 (Canadian currency). The plane was flown back to the United States on March 23, 1953, by an employee of the plaintiff, accompanied by Harold F. Rodgers, aircraft chief engineer of the Canadian firm which performed the work. At that time, the latter had with him invoices showing the cost thereof.

No entry was made covering the airplane or the repairs when it arrived in the United States. Subsequently, in May 1953, it was seized by customs officials, pursuant to section 592 of the Tariff Act of 1930, for failure to file a formal entry. It was released upon deposit of $21,000 and an application for relief from forfeiture was made. The Bureau of Customs remitted forfeiture on condition that the sum of $250 be unconditionally deposited and that formal entry be filed covering importation of the plane with payment of estimated duties on or before December 31, 1953 * * *.

Entry was made on December 30, 1953. The aircraft was valued in United States currency at $50,953 and the repairs at $4,678. There were filed in connection with the entry a copy of the certificate of registration of the aircraft, issued by the Department of Commerce (Civil Aeronautics Administration) on June 5, 1952, and the consular invoice. Thereafter, in January 1954, there were filed an invoice and a declaration of Harold Rodgers, describing the repairs made and giving the cost thereof, and an affidavit of the plaintiff identifying the plane and stating that the cost of repairs was correctly given in the entry and the declaration of Rodgers. Duty was assessed on the total value of the plane and the repairs.

It was conceded at the trial that the plane was taken to Canada for the purpose of being repaired; that plaintiff did not file an application and affidavit on customs Form 4455 prior to the departure of the plane; that the plane was not delivered to the collector for examination and identification prior to exportation; that no entry was made prior to the one involved herein; that no certification of registration, customs Form 4455, was issued or surrendered.

Thus, it is clear that the requirements of Customs Regulation 10.8 were not complied with by the importer, and there is nothing of record to indicate that they were waived, either actually or constructively, by the collector. Accordingly, if regulation 10.8 is applicable the action of the collector in assessing duty on the entire value of the airplane was proper. *Page & Jones* v. *United States*, 26 C. C. P. A. (Customs) 124, C. A. D. 5.

Appellant does not contend that the requirements of regulation 10.8 have been complied with, but argues that the applicable regulation is 10.42, and that its requirements have been complied with. He does not deny that the airplane was taken abroad for repairs, but contends that it was also taken abroad for noncommercial use within the meaning of section 10.42 of the Customs Regulations, that that section is

more definite than section 10.8 with respect to aircraft, and is, therefore, controlling.

The Customs Court held that regulation 10.42 does not apply to the involved airplane since "exporting an airplane for repairs is not a noncommercial, or any other *use* of such article," and was accordingly of the opinion that regulation 10.8 applied and, since its requirements had not been complied with, the collector properly assessed duty on the entire value of the airplane. (Italics quoted.)

We are in agreement with the Customs Court that the repairing of an airplane is not a use of it, commercial or otherwise, within the meaning of the customs regulations under consideration. Certainly in the ordinary usage of the words it would not be thought that an article is being "used" while it is undergoing repairs, and there appears to be no sound reason for holding that a different meaning should be applied here. On the contrary, regulation 10.42 refers to "Repairs made abroad to such articles if incidental to use abroad," and "repairs not incidental to use abroad." The quoted language clearly makes a distinction between "use" and "repairs."

Moreover, we agree with the contention of the Government that "the repair or alteration of an airplane is a commercial enterprise" and, accordingly, if it is to be regarded as a "use" it is a commercial use, and therefore does not come within the terms of regulation 10.42.

The fact that the plane was flown to and from Vancouver, instead of being transported in some other manner, does not appear to be material so far as the question of the applicability of regulation 10.42 is concerned. That regulation, so far as pertinent here, is limited to planes which are "taken abroad by the owner or his agent for noncommercial use." It has been conceded that the plane was taken abroad for the purpose of being repaired and, as indicated above, we are of the opinion that repairing an airplane is not a noncommercial use of it. Accordingly, the plane was not taken abroad *for* noncommercial use, and the fact that it was used abroad to the extent of flying to and from Vancouver does not bring it within regulation 10.42.

Since regulation 10.42 does not apply to the facts of the instant case, it is unnecessary to consider the question of relative specificity as between that regulation and regulation 10.8. Since the latter regulation is applicable, and appellant has not complied with the conditions set forth therein, it was properly held that he is not entitled to the benefits of paragraph 1615, and that duty should be assessed at 15 per centum ad valorem on the value of the plane as repaired and not on the repairs alone.

The judgment of the United States Customs Court is *affirmed.*

JACKSON, J., Retired, recalled to participate.